1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBIN LYNN BAILEY,

11           Petitioner,                    No.  CIV S-10-2454 KJM GGH P

12       vs.

13   GARY SWARTHOUT, Warden,

14           Respondent.                    FINDINGS & RECOMMENDATIONS

15   _____/

16   <u>Introduction</u>

17           Petitioner, a state prisoner proceeding pro se, has filed an application for writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Presently pending is respondent's motion to

19   dismiss for failure to state a federal claim (within habeas corpus jurisdiction), filed on December

20   6, 2010.  (Doc. No. 18.)  Petitioner filed an opposition on February 3, 2011, and respondent filed

21   a reply on February 17, 2011.  (Doc. Nos. 22, 23.)

22           Generally, the undersigned has a rule that if the assigned district judge has written

23   on the precise subject at issue in an earlier action, the previous opinion will direct the result in

24   the action at bar.  The undersigned departs from that rule only if the Ninth Circuit has eviscerated

25   the rule in the previous opinion, or the undersigned respectfully requests that the district judge

26   revisit the previous opinion based on the weight of authority and the facts of this case.  The

1   undersigned's departure from Judge Mendez' previous opinion on the issue in this motion to

2   dismiss (discussed at length *infra*) is based on aspects of both exceptions.

3   Background

4           Petitioner is serving a term of twenty-four years to life for second degree robbery,

5   assault with a firearm, and possession of a firearm.  (Respondent's Motion to Dismiss

6   (hereinafter "MTD"), Ex. A.)  Petitioner challenges a 2008 prison disciplinary finding that he

7   was guilty of the specific act of escape, for which he was assessed a 150-day credit loss.  (Id., Ex.

8   2 (Rules Violation Report dated June 18, 2008)).  Petitioner claims that there was insufficient

9   evidence to support the finding that he committed the act of escape and that such a finding was

10  arbitrary and capricious, in violation of his constitutional due process rights.  (Petition at 4.)

11  Motion to Dismiss

12          In the motion to dismiss, respondent argues that the 150-day credit loss does not

13  impact the duration of petitioner's life term, because when petitioner "is released from prison

14  will depend on when the parole board finds him suitable for parole, what base term the board sets

15  for [him], and how much post-conviction credit the board elects to apply to that term."  (MTD at

16  3.)  Petitioner counters that, even without the 150-day credit loss, the disciplinary conviction for

17  escape is a serious disciplinary action that precludes him from being granted any post-conviction

18  credits and "inevitably impacts petitioner's life sentence in an adverse manner."  (Petitioner's

19  Opposition to MTD (hereinafter "Opp.") at 3-6, citing 15 CCR § 2410(d) ("No annual

20  postconviction credit shall be granted in the case of any prisoner who commits serious (as

21  defined in 15 CCR section 3315) or numerous (more than three) infractions of departmental

22  regulations, violates any state law, or engages in other conduct which could result in rescission of

23  a parole date . . . unless the panel finds evidence in mitigation")).  In reply, respondent avers that

24  the "post-conviction credit scheme" only applies once the Board has found an inmate suitable for

25  parole, and that "it is speculative to assume that," if the Board grants petitioner relapse on parole,

26  "this disciplinary decision would affect the award of discretionary credit[.]" (Respondent's Reply

1 at 2-3.)

2      A June 18, 2008 Rules Violation Report summarizes the events leading to the

3 challenged disciplinary conviction as follows:  Petitioner, who at that time was assigned to a

4 culinary crew, was found "hiding behind storage units located next to O-Wing behind the

5 maintenance area" wearing "gray sweatpants and a state issued blue nylon jacket with the

6 embossed letters 'CDC' blacked out."  When correctional officers attempted to locate

7 petitioner's cellmate, they "discovered the cell unoccupied" and found "that two window bars

8 approximately nine inches long located on the lower section of the window had been cut and

9 removed, along with three (3) six inch by nine inch (6" x 9") glass windows."  A 9" x 18" portion

10 of the expanded metal covering the windows "had been cut and removed[,]" and clothing, sheets

11 and mesh bags had been "placed under the blanket of the upper bunk to give the appearance that

12 the bunk was occupied."  (MTD, Ex. 2 at 5-6.[1])

13      At a disciplinary hearing on July 24, 2008, petitioner pled not guilty to the charge

14 of escape in violation of CCR § 3015(c), stating: "It's not an escape, it's attempted escape

15 because I never left the prison.  This RVR should be a Division 'C.'" (MTD, Ex. 2 at 11.)

16 Petitioner was found guilty and sentenced to 150 days forfeiture of credit, consistent with a

17 Division "B" offense.  (Id. at 5.)

18 Analysis

19      This court has jurisdiction to consider habeas petitions where the petitioner is "in

20 custody pursuant to the judgment of a State court" and alleges that "he is in custody in violation

21 of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A writ of

22 habeas corpus is not limited to immediate release from unlawful confinement, but rather is

23 available to attack future confinement and obtain future releases.  See Preiser v. Rodriguez, 411

24 U.S. 475, 487, 93 S.Ct. 1827 (1973); see also Toussaint v. McCarthy, 801 F.2d 1080, 1096 n.14

25

26      [1] Citations are to page numbers assigned by CM/ECF.

(9th Cir. 1986)[2] ("To the extent that defendants may from time to time deny the credits due under sections 2931 and 2933, without affording a prisoner due process of law, that prisoner may obtain habeas corpus relief.").  A prisoner may challenge a prison disciplinary conviction by petition for writ of habeas corpus if the conviction resulted in the loss of good time credits because credits impact the duration of the prisoner's confinement.  Preiser at 487-88 (suit seeking restoration of good time credits was "within the core of habeas corpus in attacking the very duration of their physical confinement itself").  In dicta, the court in Preiser noted that such a challenge is permissible even if restoration of the credits would not result in the prisoner's immediate release from prison.  Id.

In Rhodes v. Evans, CIV-S-09-1842 JAM EFB (Order of April 4, 2011), the Honorable John A. Mendez determined in a case much like the present one that a disciplinary violation could [never] proceed in habeas because:

> The Court finds that Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003) is directly on point and controlling.  In Ramirez, the Ninth Circuit held that "habeas jurisdiction is absent...where a successful challenge to a prison condition will not *necessarily shorten [a] prisoner's sentence*."  Id. At 859.  In this case, Plaintiff is challenging a prison disciplinary decision that will not necessarily spell earlier release.  Accordingly, his challenge is not cognizable in federal habeas. (Emphasis added).

However, Ramirez had to deal with prior circuit precedent, Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) which held, as recognized in Ramirez, at 858, that habeas jurisdiction *did* exist if the "expungement of a disciplinary finding from his record [would] likely [] accelerate the prisoner's eligibility for parole."  Despite the recognition of prior circuit precedent, the "likely to accelerate" holding of Bostic was thereafter transmuted into the "necessarily shorten" statement in Ramirez..  It took the Ninth Circuit only a few short months to cast Ramirez aside.  Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004).  In determining that habeas

---

[2] Toussaint was abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995).

1   jurisdiction did exist in a claim regarding extension of a parole eligibility review, this panel cited

2   to Ramirez' accurate description of the Bostic, "likely" holding, Docken, at 1028, and

3   distinguished Ramirez' "necessarily shorten" holding because "Ramirez concerned a challenge to

4   internal disciplinary procedures and the administrative segregation that resulted from it.

5   Ramirez's suit did not deal with the fact or duration of his confinement."  Docken, at 1030, n.4.

6   Docken went on to hold at p. 1031, that although a civil rights action was one possible avenue of

7   relief for its situation, "[w]e therefore hold that when prison inmates seek only equitable relief in

8   challenging aspects of their parole review that, as long as they prevail, *could* potentially affect the

9   duration of their confinement, such relief is available under the federal habeas statute."

10          This case does not involve the mere transfer of a prisoner to administrative

11   segregation, but involves the prison conviction of a serious disciplinary charge which will

12   undoubtedly, in a realistic sense, if left standing, affect the duration of confinement.  Pursuant to

13   California Code of Regulations § 2402(a), the BPH is required to determine petitioner's

14   suitability for parole by considering:  his "involvement in other criminal misconduct which is

15   reliably documented;" his "behavior before, during, and after the crime;" and whether he "has

16   engaged in serious misconduct in prison or jail."  Cal. Code Regs. tit. 15, § 2402(b), (c)(6)

17   (2010).  Institutional behavior is given additional consideration because "[i]nstitutional activities

18   indicate an enhanced ability to function within the law upon release."  Id. § 2402(d)(9).

19   Therefore, the BPH is required to consider petitioner's prison disciplinary record in determining

20   his suitability for parole.  Indeed, criminal conduct, or quasi criminal conduct is a factor more

21   related to the overarching public safety consideration for parole eligibility than perhaps any other

22   factor.

23          The majority of courts considering similar issues to the one here have found

24   habeas jurisdiction to exist.  See, e.g., Morris v. Haviland, 2011 WL 3875708 (JAM EFB) (E.D.

25   Cal. Sept. 1, 2011) (again recommending to Judge Mendez that habeas jurisdiction exists in the

26   same circumstances of this case); Allen v. Swarthout, S-10-3257 GEB GGH P, 2011 WL

2075713 at *2-3 (E.D. Cal., May 23, 2011) (Findings and Recommendations recommending that habeas jurisdiction exists for a challenge to a disciplinary decision, adopted by district judge on July 8, 2011); Hardney v. Carey, S-06-0300 LKK EFB, 2011 WL 1302147 at *5-8 (E.D. Cal. Mar. 31, 2011) (same, adopted by district judge on June 6, 2011); Johnson v. Swarthout, S-10-1568 KJM DAD, 2011 WL 1585859 at *2-3  (E.D. Cal. Apr. 22, 2011) (same, but no decision yet from the district judge); Foster v. Washington-Adduci, 2010 WL 1734916 at *4 (C.D. Cal. Mar. 24, 2011) (Respondent's reliance on dictum from Ramirez was not persuasive in case brought under § 2241 in the federal prison context ); Murphy v. Dep't of Corrs. & Rehabilitation, 2008 WL 111226 at *7 (N.D. Cal. Jan. 9, 2008) (habeas corpus jurisdiction is proper to challenge a disciplinary guilty finding because "[a]s a matter of law, it is well established that a disciplinary violation may affect the duration of an inmate's confinement."); Drake v. Felker, S-07-0577 JKS, 2007 WL 4404432 at *2 (E.D. Cal. Dec. 13, 2007) (Habeas corpus jurisdiction found to exist over a challenge to a disciplinary decision because "a negative disciplinary finding, at least in California, necessarily affects potential eligibility for parole").

The undersigned also notes that some district courts have held the opposite. See e.g.,  Legare v. Ochoa, S-10-2379 AWI, 2011 WL 795811 at *1 (E.D. Cal. Mar. 1, 2011) (Findings and Recommendations recommending that habeas jurisdiction does not exist for a challenge to a disciplinary decision, but no decision yet from the district judge); Norman v. Salazar, 2010 WL 2197541 at *2 (C.D. Cal. Jan. 26, 2010) ("the mere possibility that the 2006 disciplinary conviction could be detrimental to Petitioner in future parole hearings is too speculative to serve as the basis for a habeas corpus petition"); Santibanez v. Marshall, 2009 WL 1873044 at *7 (C.D. Cal. June 30, 2009) (claim seeking expungement of disciplinary conviction not cognizable on habeas review because it would have only speculative impact on the petitioner's consideration for parole in the future).

However, based on the record in the instant case, the undersigned finds that petitioner has stated a federal claim within habeas corpus jurisdiction.  As set forth above, in

1   determining whether to release petitioner on parole at any future parole hearing, the BPH is

2   required to consider the violation because it reflects on petitioner's behavior "after the crime."

3   Cal. Code Regs. tit. 15 § 2402(b).  While it is arguable that some disciplinary findings could be

4   too insignificant for habeas jurisdiction, a disciplinary conviction for escape is a serious black

5   mark on petitioner's prison record. Thus, it is at least 'likely' that expungement of the

6   disciplinary finding could accelerate petitioner's eligibility for parole, notwithstanding whether

7   petitioner would be eligible for post-conviction credit following a BPH decision to release him

8   on parole.  Therefore, the instant disciplinary finding is significant enough to warrant habeas

9   review from this court.[3]

10          Accordingly, IT IS HEREBY RECOMMENDED that respondent's December 6,

11   2010 motion to dismiss (Doc. No. 18) be denied and respondent shall file an answer to the

12   petition within sixty days, if these findings and recommendations are adopted.

13          These findings and recommendations are submitted to the United States District

14   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

15   one days after being served with these findings and recommendations, any party may file written

16   objections with the court and serve a copy on all parties.  Such a document should be captioned

17   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

18   shall be served and filed within fourteen days after service of the objections.  The parties are

19   advised that failure to file objections within the specified time may waive the right to appeal the

20   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21   DATED: September 9, 2011

22                                  /s/ Gregory G. Hollows
                                    UNITED STATES MAGISTRATE JUDGE

23   GGH:14
     bail2454.mtd

24

---

25          [3]Of course, the undersigned makes no prediction here of petitioner's potential for success
     on the merits of his claim, or whether those merits, even if found in petitioner's favor, would be
26   significant enough to likely affect the duration of his confinement.