IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBIN LYNN BAILEY,

    Petitioner,        No. 2: 10-cv-2454 KJM GGH P

  vs.                    FINDINGS and RECOMMENDATIONS

GARY SWARTHOUT,

    Respondent.

_____/

        Petitioner is a state prisoner proceeding pro se on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2008 prison disciplinary finding that he was guilty of the specific act of escape, for which he was assessed a 150 Days Forfeiture of Credit. See Doc. No. 30, Ex. 2 at 2. For the reasons outlined below, the undersigned recommends that the petition be dismissed as moot.

        Background

        Petitioner filed his petition on August 31, 2010, alleging that there was insufficient evidence to support the 2008 disciplinary conviction, and that the disciplinary conviction was therefore arbitrary and capricious, in violation of petitioner's constitutional due process rights. See Doc. No. 1 at 4. As relief, petitioner requested that the charges be vacated and the forfeited credits be restored. See Doc. No. 2 at 19-20. In his traverse, filed on June 15,

1

2012, petitioner additionally requested that the prison be enjoined from prosecuting him for any disciplinary violations arising out of the events underlying the 2008 disciplinary conviction. See Doc. No. 33 at 21-22.

Following his disciplinary conviction, petitioner was criminally prosecuted in state court, and was convicted of escape in 2009. On August 26, 2010, the California Court of Appeals found insufficient evidence of escape and reversed the conviction. See Doc. No. 33 at 36-37. The Court of Appeals also found that "the evidence was more than ample to establish an attempt to escape from prison." Id. at 37. However, the Court of Appeals determined that, because the trial court failed to instruct the jury regarding an attempt to escape from prison, it could not reduce the conviction. Id. at 37-38. The Attorney General petitioned for review on the modification issue only, and on July 12, 2012, the California Supreme Court affirmed the Appellate Court, again noting that the Attorney General did not challenge the Court of Appeal's conclusion regarding the sufficiency of the evidence on the escape conviction. See Doc. No. 34 at 12.

On July 31, 2012, petitioner filed with the court Supplemental Authority in support of his petition. According to petitioner, under California regulations, he is entitled to dismissal of the disciplinary charge underlying this petition because the state courts have determined that there was insufficient evidence to support the escape conviction. See Cal. Code Reg., title 15, § 3316(c)(3) ("If a court finds the inmate not guilty after a finding of guilty in a disciplinary hearing, the rule violation charges shall be dismissed.").

The Order to Show Cause

On August 23, 2012, the court ordered the respondent to show cause why § 3316(c)(3) would not direct disposition of the petition. See Doc. No. 35. Respondent has responded, advising the court that the disciplinary decision has been dismissed by prison officials, and arguing that the petition is now moot. See Doc. No. 36 at 1.

\\\\\

1  A review of respondent's response reflects that, on September 7, 2012, J.A.
2  Soares, Chief Disciplinary Officer, dismissed the Rules Violation Report at issue in this action.
3  See Doc. No. 36-1 at 16.  The dismissal further reads

> This RVR is dismissed pursuant to CCR 3316(c)(3).  Criminal conviction for escape reversed by Court of Appeals and reversal affirmed by the California Supreme Court.  Per CCR 3326(a)(2) documents prepared for and issued in the disciplinary process shall not be placed in any file pertaining to the inmate. /s/ J.A. Soares CHIEF DISCIPLINARY OFFICER (CDO) 9/7/12

Id.

Respondent argues that, given this dismissal, there is no longer a live case or controversy, and as such, the petition should be dismissed.  See Doc. No. 36 at 2.

Petitioner has also responded, arguing that the petition is not moot, because prison officials have now issued a Rules Violation Report against petitioner, alleging an attempt to escape.  See Doc. No. 38.  Petitioner alleges that, under CCR § 3316(a)(4), prison officials may only re-issue an RVR where the new disciplinary charge is a lesser-included offense.  See id. at 3-4.  He claims that the RVR is accordingly improperly re-issued, because the state Supreme Court has already determined that an attempt to escape is not a lesser-included offense of escape. Id. at 4.

Petitioner also notes that among the relief requested in his traverse was a prohibition against prison officials from charging him with any disciplinary violations in connection with the event underlying the 2008 disciplinary conviction.  See Doc. No. 38 at 3-4.

Analysis

Generally, a case becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution.  Wyatt v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003), citing Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978 (1998).  A habeas petition challenging a conviction is never moot simply because, subsequent to its filing, the petitioner has been released from custody; however, some collateral consequence of the conviction must exist in order for the suit to be maintained.  See Wyatt v. Terhune, 319 F.3d at 479.

In this case, the only collateral consequence identified by the petitioner is that prison officials have charged him with a new offense, attempt to escape. However, this is not sufficient to give the court continuing jurisdiction over the habeas petition, as this court may not interfere with an on-going state criminal prosecution absent great and immediate irreparable danger. See Younger v. Harris, 401 U.S. 37, 46, 91 S.Ct. 746, 751 (1971).[1] Petitioner has an adequate remedy at law to his new disciplinary charge – namely, his ability to present a defense to the charge (see, e.g., Cal. Code. Reg., title 15, §§ 3315(c) - (e), 3320(c), (l)), and his ability to seek review of any decision made on the charge (see, e.g., Cal. Code. Reg., title 15, § 3084.1) – and he has not identified any threat to his federal rights "that cannot be eliminated by his defense against a single criminal prosecution." See Younger, 401 U.S. at 46, 91 S.Ct. at 751.[2]

While no other collateral consequences are presumed, see Wyatt v. Terhune, 319 F.3d at 481, the court notes that among the relief petitioner sought was restoration of his forfeited credits. The loss of the credits, however, had no actual impact on petitioner, as he is serving an indeterminate sentence, and because his minimum eligible parole date had already passed when the credit loss was imposed. See Cal. Code Reg., title 15, § 3323(a) (credits are forfeited against "any determinate term of imprisonment or any minimum eligible parole date for an inmate sentenced to a term of either 15 or 25 years-to-life...."). On the current record, there is no indication that plaintiff has been denied parole or kept in custody longer than he should have been because of the forfeited credits. Moreover, petitioner has an adequate remedy at law to address any such future consequence because he may seek habeas review of any adverse parole

---

[1] If petitioner were not currently being re-prosecuted, this court would still be unable to enjoin possible, future prosecutions, especially where, as here, the prisoner makes no allegation that the law under which he is being prosecuted is illegal. See O'Shea v. Littleton, 414 U.S. 488, 498, 94 S.Ct. 669, 677 (1974).

[2] Moreover, while the court does not agree with petitioner's analysis that § 3316 only allows re-issuance of an RVR for lesser-included offenses, the disagreement is not controlling, because petitioner's argument is one that may be made to the tribunal overseeing his current prosecution.

decision.

Accordingly, neither the new prosecution nor the forfeiture of credits represent a concrete injury-in-fact sufficient to satisfy Article III's case-or-controversy requirement. See Spencer v. Kenna, 523 U.S. at 14-16, 118 S.Ct. at 986-987 (declining to hold that speculative or possible consequences of parole revocation were sufficient "collateral consequences" to satisfy Article III).

Respondent has dismissed the 2008 disciplinary charge, and has directed that petitioner's file be corrected as required by state law. Petitioner has accordingly received all the relief which, had he succeeded on the petition, he would have received, and there is no longer a case or controversy over which this court may exercise jurisdiction.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's request to dismiss this petition as moot, included in his response to the court's August 23, 2012 order to show cause, be granted;

2. This action be dismissed as moot; and

3. For the reasons set forth in these findings and recommendations, the District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

\\\\\

\\\\\

\\\\\

\\\\\

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: October 23, 2012

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE

ggh:rb/bail2454.fr